No. 22-13911-HH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

GunBroker.com, LLC,

*Appellant,*

v.

Tenor Capital Partners, LLC,

*Appellee.*

Appeal from the United States District Court
For the Northern District of Georgia

No. 1:20-cv-00613-TWT

## APPELLANT GUNBROKER.COM, LLC'S MOTION TO CERTIFY QUESTIONS OF STATE LAW TO THE SUPREME COURT OF GEORGIA

John H. Goselin
Litchfield Cavo LLP
2100 Riveredge Parkway, Suite 1200
Atlanta, Georgia 30328
Phone: (770) 628-7118
goselin@litchfieldcavo.com

*Attorney for Appellant*
GunBroker.com, LLC

## CERTIFICATE OF INTERESTED PERSONS
## PURSUANT TO RULE 26.1-1

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, and Rule 26.1-1 of the United States Court of Appeals for the Eleventh Circuit, the undersigned counsel for Appellant GunBroker.com, LLC ("GunBroker") hereby certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party:

**Appellant:**

(a) GunBroker.com, LLC

(b) There are no publicly held corporations that own 10% or more stock of GunBroker.com, LLC. GunBroker.com, LLC is wholly owned by GB Investments, Inc. GB Investments, Inc. is wholly owned by Speedlight Group I, LLC. Speedlight Group I, LLC is wholly owned by AMMO, Inc., which is a publicly traded company.

**Appellee:**

(a) Tenor Capital Partners, LLC

(b) Appellant is not aware of any publicly held corporations that own 10% or more stock of Tenor Capital Partners, LLC.

2. The following is a full and complete list of all other persons, associations of persons, firms, partnerships, or corporations (including those related to the party as a subsidiary, conglomerate, affiliate, or parent corporation) having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

Ammo, Inc.: ultimate parent corporation of Defendant-Appellant

Andre Schnabl: principal of Plaintiff-Appellee

Carter W. Cheskey: principal of Trendline Capital

Culhane Meadows, PLLC: Counsel for Defendant- Appellant

Derron Bowles, Counsel for Defendant-Appellant

GB Investments, Inc.: intermediate parent corporation of Defendant-Appellant

Hon. Thomas W. Thrash, Jr.: Senior United States District Judge, Northern District of Georgia

Jeffrey P. Lutz:  Counsel for Defendant-Appellant

John H. Goselin II, Counsel for Defendant-Appellant

Litchfield Cavo, LLP: Counsel for Defendant-Appellant

M. Koty Newman: Counsel for Plaintiff-Appellee

Matthew T. Parrish: Counsel for Plaintiff-Appellee

Quentin Lynch: Partner of Smith Lynch LLC and former counsel to GB

Investments LLC and Steve Urvan

Randolph R. Smith: Partner of Smith Lynch LLC

Richard L. Robbins:  Counsel for Plaintiff-Appellee

Robbins Alloy Belinfante Littlefield LLC: Counsel for Plaintiff-Appellee

Smith Lynch LLC: affiliated law firm with Plaintiff-Appellee and former counsel to

GB Investments LLC and Steve Urvan

Speedlight Group I, LLC: intermediate parent corporation of Defendant-Appellant

Steve Urvan: Former owner of Defendant-Appellant

Tenor Capital Partners, LLC: Plaintiff-Appellee

Todd Butler: principal of Plaintiff-Appellee and former principal of Smith Lynch

LLC

Trendline Capital (Wyomissing, Pennsylvania)

3.     The following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

**Counsel for Appellant:**

Goselin II, John H.

**Litchfield Cavo LLP**

Lutz, Jeffrey P.

**Culhane Meadows, PPLC**

**Counsel for Appellee:**

Robbins, Richard L.

Littlefield, Jeremy U.

Parrish, Matthew T.

**Robbins Ross Alloy Belinfante Littlefield LLC**

## MOTION TO CERTIFY QUESTIONS OF STATE LAW
## TO THE SUPREME COURT OF GEORGIA

COMES NOW Appellant GunBroker.com, LLC ("GunBroker") and, pursuant to F.R.A.P. Rule 27, respectfully requests that this Court issue an Order certifying to the Georgia Supreme Court certain questions of Georgia law that are determinative of important issues on appeal in this case, and for which there are no clear controlling precedents in the decisions of the Supreme Court of Georgia.

Pursuant to O.C.G.A. § 15-2-9 and Rule 46 of the Rules of the Georgia Supreme Court, the Georgia Supreme Court has jurisdiction to answer by written opinion questions regarding Georgia law submitted by a federal appellate court, and to provide guidance and instructions to the certifying Court. Pursuant to Rule 47 of the Supreme Court of the State of Georgia, the Court certifying to the Georgia Supreme Court a question of law shall formulate the question, cause the question to be certified, and transmit the question to the Georgia Supreme Court, together with copies of such parts of the record and briefs in the case as the certifying Court deems relevant. Upon receipt of such certified questions, the Clerk of the Georgia Supreme Court shall docket such certified questions like other cases, and the rules relating to oral arguments, briefs, motions, etc. in direct appeals to the Georgia Supreme Court shall apply.

Appellant GunBroker respectfully submits that this Court should certify three questions to the Georgia Supreme Court, as follows:

1. The District Court rejected GunBroker's argument that, under Georgia law, a party's claim for unjust enrichment must fail when the underlying contract has been declared void for violating public policy. [*See* Appellant GunBroker.com, LLC's Opening Brief ("Appellant's Brief"), pp. 21-32]. The Georgia Supreme Court held in *Sapp v. Davids*, 176 Ga. 265, 168 S.E. 62, 63 (1933) that, when a contract has been declared void as a violation of public policy, a claim for unjust enrichment must fail as a matter of law when it is based on the underlying factual transaction and activities that were the subject of the illegal contract. Nevertheless, the Georgia Court of Appeals in *Five Star Athlete Management, Inc. v. Davis*, 355 Ga. App. 774, 845 S.E.2d 754 (2020) has articulated an exception to the Supreme Court's rule. In the instant case, the District Court relied on the exception stated in the *Five Star* court's holding to deny GunBroker's motion for directed verdict on Tenor's unjust enrichment claim, finding that the unjust enrichment claim could be severed from the illegal parts of the Letter Agreement between the parties. [Appellant's Brief at p. 12]. GunBroker contends that this was in error and contrary to Georgia law as established by the Supreme Court. Does the exception articulated by the Georgia Court of Appeals accurately reflect Georgia law and, if so, what is the scope of this exception and how should it be applied?

2. In its denial of GunBroker's Motion for Directed Verdict, the District Court concedes that Tenor's illegal investment advice "*may have helped*" to bring about the finance raising stage which forms the basis of Tenor's unjust enrichment claim; however, the District Court found as a matter of law that there was no evidence that the investment advice was needed to establish the expectation to be paid required to substantiate an unjust enrichment claim. [*See* Appellant GunBroker.com, LLC's Reply Brief ("Appellant's Reply"), p. 4]. GunBroker argues that if the illegal investment advice provided "any aid" to Tenor's unjust enrichment claim, then the unjust enrichment claim must fail as a matter of law. [*Id.*]. However, despite the evidence showing that GunBroker engaged with Tenor due to its illegal investment advice for the sole purpose of pursuing the proposed ESOP transaction and financing, the District Court determined, as a matter of law, that Tenor's expectation of compensation developed without "any aid" from its illegal investment advice. [Appellant's Reply, p. 4]. This evidentiary finding essentially directed verdict on this issue in favor of Tenor, which GunBroker contends was in error. If the exception articulated by the Georgia Court of Appeals in *Five Star Athlete Management, Inc. v. Davis*, 355 Ga. App. 774, 845 S.E.2d 754 (2020) accurately reflects Georgia law, is the application of these

principles always a matter of law for the Court to decide, or is the question of whether the illegal activity provided "any aid" to the claim for unjust enrichment a fact issue to be decided by a jury? If it is a fact question, how should the jury be instructed regarding the issue to be decided?

3. In its order on summary judgment, dismissing GunBroker's claim against Tenor pursuant to O.C.G.A. § 10-5-58(e), the District Court held that Tenor qualified as a "federal covered investment advisor" under the Investment Advisors Act and thus was exempt from the registration requirements of the Georgia Uniform Securities Act. [Appellant's Brief, p. 33]. The District Court then denied GunBroker's Motion for Reconsideration on the issue, after coming to the factual finding that Tenor had fewer than six clients in Georgia, which also exempted Tenor from the registration requirements under the Act. [*Id.* at p. 35]. However, Tenor never pled this exemption as an affirmative defense in its Answer, nor did Tenor identify this defense in subsequent discovery responses. As such, GunBroker contends that the defense was waived. [Appellant's Reply, p. 8]. The Parties agree that the Georgia courts have been silent on the issue of whether exemptions to registration requirements must be pled as affirmative defenses, subject to waiver. [Appellee's Brief, p. 31; Appellant's Reply, p. 9]. Is a defendant who is claiming an exemption to

the registration requirements under the Georgia Uniform Securities Act required to plead the reliance on such a registration exemption as an affirmative defense in its answer?

Appellant GunBroker respectfully submits that each of these questions present important questions of Georgia law regarding which the Georgia Supreme Court has not previously decided or provided clear guidance. In the present Appeal, this Court (and the District Court) below is required to apply Georgia law as the Georgia Supreme Court would apply it, or in the absence of a decision of the Georgia Supreme Court, as the Georgia Court of Appeals has applied the rule. *See, e.g., Towne Realty, Inc. v. Safeco Ins. Co. of Am.*, 854 F.2d 1264, 1269 n.5 (11th Cir. 1988). Answers to the certified questions set forth above would substantially enlighten this Court's review of the Orders on appeal in order to determine whether the District Court properly applied Georgia law properly to the issues in the case below.

WHEREFORE, Appellant GunBroker respectfully requests that the Court issue an Order certifying the above referenced questions to the Georgia Supreme Court, designating the Parties Appellate Briefs and filed Appendices be sent to the Georgia Supreme Court for its review, and requesting that the Georgia Supreme Court issue a written opinion answering the certified questions of law.

Date: May 19, 2023

Respectfully submitted,

/s/ John H. Goselin II
John H. Goselin II
Litchfield Cavo LLP
2100 Riveredge Parkway, Suite 1200
Atlanta, Georgia 30328
Phone: (770) 628-7118
goselin@litchfieldcavo.com

*Attorney for Appellant*
GunBroker.com, LLC

/s/ Jeffrey P. Lutz
Jeffrey Paul Lutz
Culhane Meadows, PLLC
13101 Preston Road, STE 110-1510
Dallas, Texas 75240
Phone: (404) 606-1650
jlutz@cm.law

*Attorney for Appellant*
GunBroker.com, LLC

## Certificate of Compliance

The undersigned certifies that this Motion complies with the applicable type-volume limitations in Rule 32(a)(7). This motion contains 1211 words, exclusive of the components that are excluded from the word count limitation in Rule 32(f). This certificate was prepared in reliance upon the word-count function of the word processing system (Microsoft Word) used to prepare this motion. This motion complies with the typeface and type style requirements of Rule 32(a)(5) because it has been prepared in a proportionally spaced typeface using font size 14 Times New Roman.

Dated: May 19, 2023

*/s/ John H. Goselin II*
John H. Goselin II
Georgia Bar No. 302917
*Attorney for Appellant*
GunBroker.com, LLC

LITCHFIELD CAVO LLP
2100 Riveredge Parkway, Suite 1200
Atlanta, Georgia 30328
Phone: (770) 628-7118
goselin@litchfieldcavo.com

### Certificate of Service

In accordance with Rule 25(d) of the Federal Rules of Appellate Procedure, I hereby certify that on May 18, 2023, I electronically filed the foregoing **Appellant GunBroker.com, LLC's Motion to Certify Questions of State Law to the Supreme Court of Georgia** using the Court's CM/ECF system, which will automatically send electronic copies to counsel of record.

Dated: May 19, 2023

*/s/ John H. Goselin II*
John H. Goselin II
Georgia Bar No. 302917
*Attorney for Appellant*
GunBroker.com, LLC

LITCHFIELD CAVO LLP
2100 Riveredge Parkway, Suite 1200
Atlanta, Georgia 30328
Phone: (770) 628-7118
goselin@litchfieldcavo.com